IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

CHRISTOPHER BEVERLEY,

    Plaintiff,

vs.

JAM ELECTRIC, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, CHRISTOPHER BEVERLEY, sues Defendant, JAM ELECTRIC, LLC, and shows:

### Introduction

1. This is an action by CHRISTOPHER BEVERLEY against his former employer for unpaid minimum wages pursuant to the Fair Labor Standards Act, unpaid minimum wages pursuant to the Florida Minimum Wage Act, and breach of contract pursuant to Florida common law. Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, Florida Statute 448.110, and Florida common law. The Court has

1

jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

3. Defendant JAM ELECTRIC, LLC's principal place of business is in Marion County, Florida, making the Middle District of Florida the proper venue for this action.

## Parties

4. Plaintiff, CHRISTOPHER BEVERLEY (hereinafter "BEVERLEY"), a resident of and domiciled in Columbia County, Florida, was at all times material, employed by JAM ELECTRIC, LLC, as a foreman, was an employee as defined by 29 U.S.C. § 203(e) and Florida Statute 448.101, and during his employment with JAM ELECTRIC, LLC, was engaged in commerce or in the production of goods for commerce. BEVERLEY did not engage in any activities that made him an exempt employee and was in fact non-exempt as defined by the FLSA.

5. Defendant, JAM ELECTRIC, LLC (hereinafter, "JAM"), is a Florida limited liability company with its principal place of business in Orange County, Florida and does business throughout the Middle District of Florida as a contractor handling electrical work. JAM is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Florida Statute 448.101, in that it has employees engaged in commerce or in the production of goods for commerce; or that has employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce by any person; that employs ten or more employees; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 206.

## General Allegations

6. BEVERLEY is a member of the Local Union 1205, International Brotherhood of Electrical Workers (hereinafter "Union").

7. Pursuant to the Inside Working Agreement signed on August 31, 2021 between the Union and the North Florida Chapter, Inc. National Electrical Contractors Association, a union foreman is required to be paid $32.88 per hour for work performed between June 6, 2022 and June 4, 2023.

8. JAM assented to the Inside Working Agreement by way of a Letter of Assent signed by Mike Garrison, COO of JAM, and a Union representative on August 10, 2022.

9. Thus, when JAM agreed to employ BEVERLEY, JAM offered to pay BEVERLEY $32.88 per hour for his services pursuant to the Inside Working Agreement.

10. BEVERLEY accepted this offer and a contract was formed.

11. In October 2022, BEVERLEY began working for JAM as a union foreman.

12. Between December 19, 2022 and December 25, 2022, BEVERLEY worked 32 hours for JAM.

13. JAM did not pay BEVERLEY any wages for these hours worked.

14. Between January 2, 2023 and January 8, 2023, BEVERLEY worked 32 hours for JAM.

15. JAM did not pay BEVERLEY any wages for these hours worked.

16. BEVERLEY separated from his employment with JAM shortly thereafter.

17. BEVERLEY was a non-exempt employee as defined by the FLSA.

18. Under the Inside Working Agreement, a union member who is not paid his wages is entitled to charge a "waiting time" to the employer for each day he continues to not be paid.

19. To date, JAM has not paid any waiting time.

20. On January 20, 2023, BEVERLEY sent a demand letter to JAM requesting that his wages be paid.

21. JAM did not respond to Plaintiff's demand letter and to date no wages have been received for the aforementioned hours worked.

22. All conditions precedent to this action have been performed or have been waived.

**Count I – Violation of the FLSA by JAM ELECTRIC, LLC - Minimum Wage**

23. Plaintiff, BEVERLEY, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 22 above.

24. BEVERLEY worked for JAM between December 19, 2022 and December 25, 2022 and between January 2, 2023 and January 8, 2023 but received no compensation whatsoever for those days and the work performed.

25. BEVERLEY had communications with JAM informing them that he had not been paid, to no avail.

26. JAM's failure to pay BEVERLEY for those days of his employment violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

27. BEVERLEY is entitled pursuant to the FLSA to recover from JAM:

   a. The applicable minimum wage in effect at the times he worked without receiving compensation;

   b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

   c. The costs of this action, and;

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

     a. Enter judgment for BEVERLEY and against JAM on the basis of its willful violations of the FLSA;

     b. Award BEVERLEY actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

     c. Award BEVERLEY an equal amount in liquidated damages;

     d. Award BEVERLEY reasonable attorneys' fees and costs of suit; and

     e. Other such relief as this Court deems just.

**Count II – Breach of Contract by JAM ELECTRIC, LLC – Unpaid Wages**

28. Plaintiff, BEVERLEY, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 22 above.

29. In October of 2022, BEVERLEY was offered a position with JAM as a foreman.

30. BEVERLEY was promised a wage of $32.88 per hour.

31. BEVERLEY accepted this offer and rate of pay and began work for JAM, thereby forming a contract for his services.

32. BEVERLEY worked for JAM between December 19, 2022 and December 25, 2022 and between January 2, 2023 and January 8, 2023 but received no compensation whatsoever for those days and the work performed.

33. JAM breached the contract by failing to pay BEVERLEY the agreed upon wages for his hours worked.

34. BEVERLEY had communications with JAM informing them that he had not been paid, to no avail.

35. JAM's failure to pay BEVERLEY his wages owed has resulted in damages to BEVERLEY.

36. BEVERLEY is entitled to recover from Defendant JAM his unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for BEVERLEY and against JAM on the basis of its breach of contract;

b. Award BEVERLEY actual and compensatory damages;

c. Award BEVERLEY reasonable attorneys' fees and costs of suit; and

d. Other such relief as this Court deems just.

### Count III – Violation of the Florida Minimum Wage Act by JAM ELECTRIC, LLC

37. Plaintiff, BEVERLEY, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 22 above.

38. BEVERLEY worked for JAM between December 19, 2022 and December 25, 2022 and between January 2, 2023 and January 8, 2023 but received no compensation whatsoever for those days and the work performed.

39. BEVERLEY sent notice to JAM on January 20, 2023 as required by Florida Statute 448.110(6)(a) informing them that he had not been paid, to no avail.

40. Fifteen days have passed since notice was received by JAM and no payment has been made.

41. JAM's failure to pay BEVERLEY for those days of his employment violates Florida Statute 448.110 by not paying him at least a minimum wage.

42. BEVERLEY is entitled pursuant to the Florida Minimum Wage Act to recover from JAM:

> a. The applicable minimum wage in effect at the times he worked without receiving compensation;
>
> b. As liquidated damages, an amount equal to the unpaid minimum wage he is owed;
>
> c. The costs of this action, and;
>
> d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

> a. Enter judgment for BEVERLEY and against JAM on the basis of its

      willful violations of the Florida Minimum Wage Act;

b. Award BEVERLEY actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

c. Award BEVERLEY an equal amount in liquidated damages;

d. Award BEVERLEY reasonable attorneys' fees and costs of suit; and

e. Other such relief as this Court deems just.

**Count IV – Breach of Contract by JAM ELECTRIC, LLC – Unpaid Waiting Time**

43. Plaintiff, BEVERLEY, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 22 above.

44. In October of 2022, BEVERLEY was offered a position with JAM as a union foreman.

45. BEVERLEY accepted this offer and began work for JAM, thereby forming a contract for his services.

46. JAM, by way of its assent to the Inside Working Agreement governing union employees, agreed to pay BEVERLY waiting time if any wages were not properly paid.

47. BEVERLEY worked for JAM between December 19, 2022 and December 25, 2022 and between January 2, 2023 and January 8, 2023 but received no compensation whatsoever for those days and the work performed.

48. To date, no wages have been paid and no waiting time has been paid.

49. JAM breached the contract by failing to pay BEVERLEY the agreed upon waiting time amounts.

50. BEVERLEY had communications with JAM informing them that he had not been paid, to no avail.

51. JAM's failure to pay BEVERLEY his waiting time owed has resulted in damages to BEVERLEY.

52. BEVERLEY is entitled to recover from Defendant JAM his unpaid waiting time and the costs of this action.

WHEREFORE, Plaintiff prays that this Honorable Court:

a. Enter judgment for BEVERLEY and against JAM on the basis of its breach of contract;

b. Award BEVERLEY actual and compensatory damages;

c. Award BEVERLEY reasonable costs of suit; and

d. Other such relief as this Court deems just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: March 28, 2023
Plantation, Florida

>
> Respectfully submitted,
>
> /s/ *Robert S. Norell*
> Robert S. Norell, Esq. (Fla. Bar No. 996777)
> E-Mail: Rob@floridawagelaw.com
> James A. Peterson, Esq. (Fla. Bar No. 645621)
> E-Mail: James@floridawagelaw.com
> ROBERT S. NORELL, P.A.
> 300 N.W. 70th Avenue
> Suite 305
> Plantation, Florida 33317
> Telephone: (954) 617-6017
> Facsimile: (954) 617-6018
> Counsel for CHRISTOPHER BEVERLEY