UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER BEVERLEY,**

        **Plaintiff,**

**v.**                            **Case No: 6:23-cv-559-CEM-EJK**

**JAM ELECTRIC, LLC,**

        **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Default by Clerk (the "Motion") (Doc. 14), filed August 11, 2023. Upon consideration, the Motion is due to be granted.

### I. BACKGROUND

Plaintiff filed a Complaint against Defendant Jam Electric, LLC, on March 28, 2023, for alleged wage violations of the Fair Labor Standards Act, 29 U.S.C. § 206, and the Florida Minimum Wage Act, Fla. Stat. § 448.110, and for breach of contract. (Doc. 1). The Proof of Service affidavit reflects that Defendant was served on April 12, 2023, through service on its registered agent. (Doc. 13.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 14.)

### II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III.  DISCUSSION

Defendant is a Florida LLC. (Doc. 1 ¶ 5.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Proof of Service affidavit reflects that Defendant was served on April 12, 2023, through service on its registered agent, Jason Abbott. (Doc. 13.) Florida's Division of Corporation's website confirms that Jason Abbott is Defendant's registered agent.[1] Therefore, service was effective under Rule 4(h)(1)(B). As Defendant was

---

[1] *Detail by Entity Name of Jam Electric, LLC*, Division of Corporations, an official State of Florida website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty
pe=EntityName&directionType=Initial&searchNameOrder=JAMELECTRIC%20L
190001517760&aggregateId=flal-l19000151776-1c850af0-828d-4f60-a1c7-
48c2a7595132&searchTerm=%20jam%20electric%20llc&listNameOrder=JAMELE
CTRIC%20L190001517760 (last visited Sept. 1, 2023).

served on April 12, 2023, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 14) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant Jam Electric, LLC.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2023.

*/s/ Embry J. Kidd*
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE