IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:23-cv-00559-CEM-EJK

CHRISTOPHER BEVERLEY,

     Plaintiff,

vs.

JAM ELECTRIC, LLC,
a Florida Limited Liability Company,

     Defendant.

_____/

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT ON DAMAGES AGAINST DEFENDANT JAM ELECTRIC, LLC

The undersigned counsel, on behalf of the Plaintiff, moves this Court for entry of a default final judgment on damages as to Defendant JAM ELECTRIC, LLC, a Florida Limited Liability Company, upon the complaint heretofore filed and served upon the Defendant in accordance with the provisions of Rule 55(b)(2), Federal Rules of Civil Procedure, and in support thereof shows the Court the following:

## I.    Introduction

1.    Plaintiff brought this action for minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. §206, et seq., for minimum wages under Florida Statute 448.110, and for breach of contract for unpaid wages and unpaid

waiting time.

2.     On March 28, 2023, Plaintiff filed his Complaint in the United States

District Court, Middle District of Florida, against the Defendant.  (D.E. 1).

3.     A summons and Complaint were served on Defendant JAM

ELECTRIC, LLC's registered agent on April 12, 2023, (D.E. 13) Pursuant to the

Federal Rules of Civil Procedure, and as the Summons issued by the Court clearly

point out, an Answer or responsive pleading was required to be filed by Defendant

within 21 days of service, or by May 3, 2023.

4.     On September 15, 2023, the Clerk entered a Default against the

Defendant (D.E. 18).

5.     The Defendant has not entered an appearance or has filed a motion to

vacate the Clerk's Default, and thus Defendant remains in default. As such, this

Motion for Entry of Default Final Judgment is appropriate at this time.

WHEREFORE, Plaintiff prays that this Court enter Final Judgment of

Default against Defendant for damages. In support of this Motion, Plaintiff

contemporaneously files his Declaration of Damages attached as ***Exhibit A***.

## II.     **Memorandum of Law**

### A.     **Defendant has failed to Answer the Complaint.**

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a

defendant shall serve its answer to a complaint within twenty-one days of service

of the latter. As noted above, the Complaint in this case was filed on March 28, 2023, and was served upon Defendant JAM ELECTRIC, LLC. on April 12, 2023, along with a summons which notified Defendant of its obligation to file an Answer with the Clerk of Court, and to serve a copy of the Answer upon the counsel for the Plaintiff, within twenty-one days from the date of service.

As noted above, twenty-one (21) days from the date of service expired on May 3, 2023, for JAM ELECTRIC, LLC. As of the date of the filing of this Motion, nothing has been filed on behalf of the Defendant.

Plaintiff recognizes that entry of a default judgment against a Defendant is a severe remedy. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

**B.    Plaintiff is entitled to the relief requested in the Complaint**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry

of a default judgment. <u>Nishimatsu Constr. Co. v. Houston Nat'l Bank,</u> 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether plaintiff is entitled to a default judgment.

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." <u>Miller v. Paradise of Port Richey, Inc.,</u> 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,</u> 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. <u>Id.</u>

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>McLaughlin v. Stineco, Inc.,</u> 697 F. Supp. 436, 450 (M.D.

4

Fla. 1988) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the court may award approximate damages based on the employee's evidence." Id. see also Etienne v. Inter-County Sec. Corp., 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.")

The FLSA provides that "[a]ny employer who violates . . . [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Here, Plaintiff is submitting to the Court, together with this Motion, a Declaration of Damages in support of this Motion, which provides the Court with a just and reasonable inference of the amount of the uncompensated wages, liquidated damages under both federal and Florida law, and the uncompensated waiting time.

To wit: Plaintiff worked an uncompensated time of 64 hours. Taking

Plaintiff's regular rate of pay as $32.88 per hour, simple math shows that Plaintiff's wage damages are **$2,104.32** ($32.88 straight time rate times 64 hours), plus liquidated damages under federal and Florida law.

Federal law provides for liquidated damages on a minimum wage claim at an equal amount to the unpaid minimum wages, which in this case would be 64 hours times $7.25 per hour, or **$464.00**.

Florida law provides for liquidated damages on a minimum wage claim at an equal amount to the unpaid minimum wages, which in this case would be 64 hours times $11.00 per hour, or **$704.00**.

Finally, as outlined in Plaintiff's declaration attached hereto, Plaintiff is owed waiting time for his unpaid wages in the amount of **$20,319.84** and **$19,333.44**.[1]

Accordingly, Plaintiff's total unpaid wages, liquidated damages for minimum wages, and waiting time amounts to **$42,925.60**.

## CONCLUSION

For the forgoing reasons, the Court should issue an Order Entering Default Final Judgment on Damages as to Defendant JAM ELECTRIC, LLC, in the amounts claimed, and reserve jurisdiction to award reasonable attorney's fees and

---

[1] Defendant's waiting time payment obligation is an ongoing one until Plaintiff's wages have been received. Thus, Plaintiff reserves the right to move to amend the judgment with additional waiting time as it accrues.

litigation expenses pursuant to 29 U.S.C. § 216, Florida Statutes, and Local Rule 7.01.

Dated: October 16, 2023
Plantation, Florida

Respectfully submitted,

/s/ *James A. Peterson*
James A. Peterson, Esq. (Fla. Bar No. 645621)
E-Mail: James@floridawagelaw.com
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for CHRISTOPHER BEVERLEY

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served in the manner indicated below on October 16, 2023 on all counsel or parties of record appearing on the Service List below.

By:  */s/James A. Peterson*
James A. Peterson

## Service List
CASE NO.: 6:23-cv-00559-CEM-EJK

James A Peterson, Esq.
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*

JAM ELECTRIC, LLC
c/o Jason R. Abbott
its Registered Agent
404 W. Main Street
Apopka, Florida 32703
Method of Service: U.S. Mail