UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER BEVERLEY,**

        Plaintiff,

v.                                            Case No: 6:23-cv-559-CEM-EJK

**JAM ELECTRIC, LLC,**

        Defendant.

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Default Final Judgment on Damages Against Defendant Jam Electric, LLC (the "Motion") (Doc. 19), filed October 16, 2023. Upon consideration, the Motion is due to be denied.

**I.   BACKGROUND**[1]

On March 28, 2023, Plaintiff, Christopher Beverley, brought this action against Defendant, Jam Electric, LLC, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.110, as well as Florida state law claims for breach of contract. (Doc. 1.) Plaintiff is a union member of the International Brotherhood of Electrical Workers (the "Union"). (*Id.* ¶ 6.) The Union and the North Florida Chapter, Inc. National Electrical Contractors Association entered into an Inside Working

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Agreement (Doc. 19-2) on August 31, 2021. (*Id.* ¶ 7.) According to the Inside Working Agreement, a union foreman is required to be paid $32.88 per hour for work performed between June 6, 2022, and June 4, 2023. (*Id.*) Defendant assented to the Inside Working Agreement on August 10, 2022, in a Letter of Assent executed by Mike Garrison, Defendant's COO, and a union representative. (*Id.* ¶ 8; Doc. 19-3.)

Accordingly, Defendant offered to pay Plaintiff $32.88 per hour for his services, pursuant to the Inside Working Agreement. (*Id.* ¶ 9.) Plaintiff accepted this offer. (*Id.* ¶ 10.) Plaintiff began working for Defendant as a union foreman in October 2022. (*Id.* ¶ 11.) Plaintiff alleges he was not paid any wages by Defendant from December 19, 2022 through December 25, 2022, for 32 hours of work and again from January 2, 2023 through January 8, 2023, for 32 hours of work. (*Id.* ¶¶ 12–15.) Plaintiff separated from his employment with Defendant thereafter. (*Id.* ¶ 16.)

On April 12, 2023, Plaintiff served Defendant with the Complaint and filed proof of service. (Doc. 13.) Defendant failed to answer the Complaint. Thus, the Clerk entered default against Defendant on September 15, 2023. (Doc. 18.) In the Motion, Plaintiff moves for default judgment against Defendant, seeking $42,925.60 in damages. (Doc. 19.) Defendant has not appeared, answered the Complaint, responded to the Motion, or otherwise defended against Plaintiff's claims in this action. Therefore, the matter is ripe for review.

## II. STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (unpublished). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

## III. DISCUSSION

### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant. "'Personal

jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Defendant because it operates and conducts business in Orange County, Florida.[2] (Doc. 1 ¶ 5); Fla. Stat. § 48.193(1)(a)(1) ("Operating, conducting, engaging in, or carrying on a business" . . . in Florida subjects a person to jurisdiction of the courts.). Additionally, in the Order granting Plaintiff's Motion for Default by Clerk, the undersigned concluded that service on Defendant was effective under Federal Rule of Civil Procedure 4(h)(1)(B). (Doc. 17 at 2–3.)

---

[2] Plaintiff includes a separate allegation that Defendant's principal place of business is in Marion County, Florida, and it is unclear whether this is a scrivener's error. (Doc. 1, ¶ 3.) Regardless, this does not affect the undersigned's determination that the Court has personal jurisdiction over Defendant. As will be discussed *infra*, if Plaintiff chooses to amend the Complaint, he should remedy this inconsistency.

### B. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over his unpaid minimum wage claim brought pursuant to the FLSA. (Doc. 1 ¶ 1.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Here, federal question jurisdiction is apparent on the face of the Complaint. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to Plaintiff's FLSA claim such that they form part of the same case or controversy.

### C. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue is appropriate in the Middle District of Florida, Orlando Division, because a substantial portion of the events giving rise to the claim at issue occurred in Orange County, Florida.[3] (Doc. 1 ¶ 5); Local Rule 1.04(a) (stating that the Orlando Division encompasses Orange County).

---

[3] *But see* n.2.

### D. Liability - FLSA Minimum Wage Claim (Count I)

Plaintiff moves for default judgment on his FLSA unpaid minimum wage claim in Count I. (Doc. 1 ¶¶ 23–27.) The FLSA requires that an employer pay a covered employee a minimum rate of $7.25 per hour. 29 U.S.C. § 206(a)(1). Any employer who violates the FLSA's minimum wage provision is "liable to the employee . . . affected in the amount of their unpaid minimum wages. . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

"To trigger liability under the FLSA's . . . minimum wage provision[ ], a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between himself and Defendant. Plaintiff alleges he was employed by Defendant as a foreman and that he did not engage in any activities that made him an exempt employee. (Doc. 1 ¶ 4.)

However, Plaintiff does not allege adequate facts to establish coverage. With respect to this element, "a plaintiff employee must establish one of two types of coverage under the [FLSA]: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014

WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)). An employer falls within the FLSA's enterprise coverage where:

> (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or business done . . . not less than $500,000.

*Id*. (quoting 29 U.S.C. § 203(s)(1)(A)). Conversely, an employee falls within the FLSA's individual coverage where the employee is "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). To be "engaged in commerce" the employee must:

> be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266.

In the Complaint, Plaintiff alleges that Defendant does business through the Middle District of Florida as a contractor, handling electrical work. (Doc. 1 ¶ 5.) Plaintiff then goes on to allege that:

> JAM is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1) and Florida Statute 448.101, in that it has employees engaged in commerce or in the production of goods for commerce; or that has employees handling,

> selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; that employs ten or more employees; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.00.

(*Id.*) First, this allegation does not indicate whether Plaintiff is proceeding under an enterprise coverage theory or an individual coverage theory. And without more, this type of boilerplate legal allegation is insufficient to satisfy the coverage element under the FLSA. *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-cv-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021) (finding similar boilerplate allegation failed to demonstrate FLSA coverage on motion for default judgment), *report and recommendation adopted*, 2021 WL 1893968, at *1 (May 11, 2021). Moreover, Plaintiff's sole factual allegation that Defendant's electrical work takes place in central Florida does nothing to demonstrate FLSA coverage under either theory. Therefore, Plaintiff has not demonstrated entitlement to entry of default on Count I.

Because the FLSA claim is the only claim over which the Court has original jurisdiction and because Plaintiff has failed to establish that claim, Plaintiff must amend his Complaint, if he has a factual basis to do so. *See* 28 U.S.C. § 1367(c)(3) (stating the court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction have been dismissed).

### IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that Plaintiff's Motion for Entry of Default Final Judgment on Damages Against Defendant Jam Electric,

LLC (Doc. 19) is **DENIED**. Plaintiff may amend his Complaint **on or before May 6, 2024**. Failure to do so may result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Orlando, Florida on April 29, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE