UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER BEVERLEY,

    Plaintiff,

v.                                              CASE NO. 6:23-cv-559-CEM-UAM

JAM ELECTRIC, LLC, etc.

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default and Renewed Motion for Entry of Default Judgment on Damages Against Defendant JAM Electric, LLC ("Motion"). Doc. 26. The Motion is due to be **denied without prejudice**.

Plaintiff filed a Complaint for Damages ("Complaint") against Defendant alleging violation of the Fair Labor Standards Act ("FLSA"), violation of the Florida Minimum Wage Act ("FMWA"), and breaches of contract. Doc. 1. Defendant was served with the Complaint but failed to appear, Doc. 13, and Plaintiff eventually moved for entry of a clerk's default, Doc. 14, which was granted, Doc. 17, with a clerk's default entered, Doc. 18.

Plaintiff then moved for a default judgment. Doc. 19. That motion was denied in an April 29, 2024, Order ("Prior Order"). Doc. 20. In the Prior Order, the Court explained that Plaintiff's Complaint failed to state a viable claim under the FLSA,

the only claim over which original jurisdiction was asserted. *Id.* at 6-8. More specifically, the Court explained that the Complaint did "not allege adequate facts to establish coverage" under the FLSA, an essential element. *Id.* at 6. Accordingly, the Court denied Plaintiff's request for default judgment and provided a deadline by which Plaintiff could file an amended pleading. *Id.* at 8-9.

After obtaining an extension of that deadline, Docs. 21, 22, Plaintiff filed Plaintiff's First Amended Complaint for Damages ("Amended Complaint") on May 10, 2024. Doc. 23. The Amended Complaint alleges claims against Defendant under the FLSA, under the FMWA, and for breaches of contract. *Id.* As to the FLSA claim, it includes certain additional allegations as to the previously deficient coverage element. *See id.* at 2-3.

In the Motion, Plaintiff requests entry of a default and a default final judgment on the Amended Complaint. Doc. 26. In support, Plaintiff states that the Amended Complaint was served on Defendant via U.S. Mail. *Id.* at 3; *see also* Doc. 23 at 12; Doc. 26-2. Under the circumstances, that is insufficient.

Under Rule 5(a)(2), Federal Rules of Civil Procedure ("Rule(s)"), "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Rule 4, in turn, does not authorize service by mail or service unaccompanied by a summons. *See CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621-Orl-28GJK, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016); *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 WL 5454387, at *3 (M.D.

2

Fla. Oct. 27, 2014); *Dubose v. Transp. Enter. Leasing, LLC*, No. 6:08-cv-385-Orl-31DAB, 2008 WL 11334922, at *1 (M.D. Fla. Aug. 20, 2008).

Thus, unless falling within the service exception under Rule 5(a)(2), Plaintiff is unentitled to default relief on the Motion for lack of proper service. *See Amarelis*, 2014 WL 5454387, at *3 ("Fed.R.Civ.P. 5(a)(2) governs the service of amended complaints on parties in default. Under this rule, a party is permitted to serve an amended complaint by mail, in accordance with Fed.R.Civ.P. 5(b), when the amended complaint does not assert new claims for relief. If, however, the amended complaint asserts new claims for relief it must be served in the same manner as required by Rule 4." (internal citations omitted)); *see also Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982); *CliC Goggles*, 2016 WL 7665442, at *2; *Dubose*, 2008 WL 11334922, at *1.

Here, the changes from the Complaint to the Amended Complaint were material and substantial, and they attempted to supply necessary allegations of an essential element that were lacking in the original pleading.[1] Indeed, given that the Complaint failed to adequately allege any viable FLSA claim, it appears that if the Amended Complaint does so it can be deemed to assert a "new claim." Under the circumstances, service under Rule 4 was required and the Motion is due to be denied. *See Anguelov v. Event Parking, Inc.,* No. 2:16-cv-273-FtM-29CM, 2017 WL 8790975, at *1 (M.D. Fla. June 1, 2017) (explaining service under Rule 4 is required

---

[1] Given the lack of effective service, no determination need be made at this time whether the Amended Complaint sufficiently states any claims or default relief is otherwise appropriate.

3

on a previously defaulted party "if an amended pleading asserts new claims or materially alters the claims alleged or relief sought"); *CliC Goggles,* 2016 WL 7665442, at *2 (explaining service under Rule 4 on a previously defaulted party is required unless "the changes in the amended complaint are not substantial, *i.e.*, do not assert new claims nor materially alter the claims asserted or the relief sought"); *see also Weber v. Absolute Collection Serv., Inc.*, No. 3:11-cv-1150-J-34JBT, 2012 WL 13136927, at *4 & n.4 (M.D. Fla. July 24, 2012) (explaining that if plaintiff opted to file amended complaint to cure deficient allegations that failed to state a plausible claim for relief, then formal service under Rule 4 would be required).

Accordingly, it is **ordered**:

1. Plaintiff's Motion (Doc. 26) is **denied without prejudice**.

2. Plaintiff shall properly serve Defendant with a summons and copy of the Amended Complaint on or before **February 21, 2025**. Failure to do so may result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on January 22, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record